[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16640
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2007
THOMAS K. KAHN
CLERK

Agency Nos. A95-216-298
A95-216-299

MARIA PATRICIA VIVEROS-VELEZ,
MIGUEL ANGEL RAMIREZ-ESPINOSA,
ANDREA RAMIREZ-VIVEROS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 12, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Lead petitioner, Maria Patricia Viveros-Velez ("Viveros-Velez"), her husband, Miguel Angel Ramirez-Espinosa, and their daughter, Andrea Ramirez-Viveros, all natives and citizens of Colombia, seek review of the denial of their applications for asylum under the Immigration and Nationalization Act ("INA").[1] Petitioners asserted past persecution, consisting of threatening phone calls from members of the Revolutionary Armed Forces of Colombia ("FARC"), based on Viveros-Velez's actual or imputed political opinion.[2] Petitioners claimed that the FARC falsely attributed an anti-FARC political opinion to Viveros-Velez based on her brothers' refusal to cooperate with their demands for economic support and her refusal to provide the FARC with information as to her brothers' whereabouts. After careful review, we deny the petition for review.

---

[1] Because we conclude Petitioners have not met their burden to establish eligibility for asylum under the INA, we also conclude that they cannot meet the higher standards for withholding of removal under the INA or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 U.S.C. § 1231(b)(3), 8 C.F.R. § 208.16(c). See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

[2] We deny the petition for review, without further discussion, to the extent that Petitioners based their asylum claim on Viveros-Velez's membership in a particular social group consisting of people who have refused to cooperate with the FARC. The members of the proposed group do not compose a "particular social group," as defined by the Board of Immigration Appeals, because they do not "share a common, immutable characteristic . . . such as sex, color, or kinship ties, or in some circumstances it might be a shared past experience such as former military leadership or land ownership." Matter of Acosta, 19 I & N Dec. 211, 233 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I & N Dec. 439 (BIA 1987); see also Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1196 (11th Cir. 2006) (with regard to asylum claims based on membership in a particular social group, joining other circuits in deferring to the BIA's definition of "particular social group"), cert. denied, 127 S. Ct. 977 (2007).

When, as here, the Board of Immigration Appeals ("BIA") affirms without opinion the decision of an immigration judge ("IJ"), the IJ's decision becomes the final agency determination subject to review.  See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).  To the extent that the IJ's decision was based on a legal determination, our review is de novo.  D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial evidence test.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001).  Under this test, which is "highly deferential," we "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Id.  (quotation omitted).  In order to reverse a finding of fact, "we must find that the record not only supports reversal, but compels it."  Mendoza, 327 F.3d at 1287.

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

3

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that her statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted).

While the INA does not expressly define "persecution," we have recognized that it is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that [m]ere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). There must be "specific, detailed facts showing a good reason to fear that [the petitioner] will be singled out for persecution on account of [her political] opinion." Al Najjar, 257 F.3d at 1287. Additionally, we have held that "evidence that either is consistent with acts of private violence or the

4

petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247 1257-58 (11th Cir. 2006).

Here, substantial evidence supports the IJ's decision that Petitioners were not entitled to asylum, based on either Viveros-Velez's past persecution or a well-founded fear of future persecution, on account of political opinion. The only evidence of Viveros-Velez's alleged past persecution attributable, with any degree of specificity, to the FARC consisted of her own testimony about FARC members' threatening phone calls to her brothers, who she said own construction materials warehouses and are wealthy. The brothers had refused to provide monetary support to the FARC cause, after which Viveros-Velez testified she received phone calls from the FARC seeking to know the whereabouts of her brothers and threatening her life and the lives of her daughters, if she did not provide information about the brothers' whereabouts. Petitioners presented no evidence that the phone calls were based on Viveros-Velez's political opinion, or for that matter, that the FARC attributed any political opinion to her.

In short, a mere refusal to cooperate with the FARC's demands is insufficient to show past persecution. See Sanchez, 392 F.3d at 437 (holding that alien did not establish past persecution by FARC where FARC's harassment was

5

due to alien's refusal to cooperate rather than actual or imputed political opinion); see also INS v. Elias-Zacarias, 112 S. Ct. 812, 816 (1992) (concluding that persecution because of refusal to join forces with the guerillas is not persecution on account of a political opinion). Nor does evidence that "merely shows that a person has been a victim of criminal activity," such as financial extortion, "constitute evidence of persecution based on a statutorily protected ground." Ruiz, 440 F.3d at 1258. Moreover, it is well-settled that menacing phone calls, alone, are not sufficient to establish past persecution. See Sepulveda, 401 F.3d at 1231 (concluding that "menacing" telephone calls and threats to the alien and her brother constituted "a few isolated incidents of verbal harassment or intimidation," and were insufficient to establish past persecution). On this record, we cannot say the evidence before the IJ compelled a contrary result as to the present petition for asylum based on past persecution.

Because Petitioners did not establish past persecution, they were not entitled to a presumption of a well-founded fear of future persecution. Substantial evidence supports the IJ's conclusion that Petitioners did not have a well-founded fear of future persecution, because they did not present "specific, detailed facts showing a good reason to fear that [Viveros-Velez] . . . will be singled out for persecution." Sepulveda, 401 F.3d at 1231 (quotation omitted). Accordingly, we

6

are not compelled to conclude that Petitioners established a case for asylum based on a well-founded fear of future persecution by the FARC.

**PETITION DENIED.**